IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| LORIANN LUDWIG, | CIVIL ACTION NO. 1:21-cv-01274-SAG |
| Plaintiff, | |
| v. | |
| RAYMOND G. STRUBIN, individually and in his official capacity as a member of the Maryland Judiciary and Judge for the Fourth Judicial Circuit of Maryland, | |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Loriann Ludwig files this response in opposition to Defendant's Motion to

Dismiss that was filed pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure, and in support states the following.

A.      **FACTUAL BACKGROUND**

Administrative Agency Proceedings

On October 24, 2019, Plaintiff dual-filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC") and Maryland Commission for Civil Rights

("MCCR"). Plaintiff dual-filed a Charge of Discrimination with the EEOC and MCCR to comply

with the administrative agency exhaustion requirements under federal and state laws (i.e., Title

VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act). In her

Charge of Discrimination, Plaintiff detailed claims against the Board of County Commissioners

of Garrett County, the Circuit Court for Garrett County Maryland, and Defendant Strubin. See

Doc. No. 8-2. The claims Plaintiff asserted in her Charge of Discrimination mirror the

allegations Plaintiff has asserted in this action. See generally Doc. Nos. 1 and 8-2. Plaintiff did

not have counsel at the time she filed her Charge of Discrimination. A copy of the October 24, 2019, enclosure letter included with Plaintiff's EEOC Charge is attached as Exhibit A.

In the Summer of 2020, EEOC began its investigation of Plaintiff's claims. On November 6, 2020, counsel from Maryland's Office of the Attorney General submitted a formal response ("Position Statement") to Plaintiff's EEOC Charge on behalf of Defendant Strubin and the Circuit Court for Garrett County. The Position Statement referenced 12 exhibits, and none of those exhibits were initially provided to Plaintiff. In January 2021, Plaintiff was provided with a copy of the Position Statement Exhibits. On February 26, 2021, Plaintiff submitted additional information to the EEOC to supplement the ongoing investigation and give all parties notice of potential, additional claims. The EEOC continued its investigation of Plaintiff's claims through April 2021. On April 9, 2021, the EEOC relinquished control of Plaintiff's claims and issued a Right to Sue Letter.

Bankruptcy Court Proceedings

On September 9, 2020, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Maryland (Bk. Doc. 20-18296 herein referred to as "Bankruptcy Proceedings"). A copy of the docket for the Bankruptcy Proceedings is attached as Exhibit B. Plaintiff was represented by attorney G. Gary Hanna during her Bankruptcy Proceedings. As part of her Bankruptcy Petition, Attorney Hanna filed an initial schedule of assets and property in the Bankruptcy Proceedings, which included a claim for "wrongful termination." See page 14 of Doc. No. 1 at Bankruptcy Proceedings[1]. The term "wrongful termination" was a term used by Attorney Hanna as a way to describe Plaintiff's dispute against

---

[1] In Plaintiff's Motion for Stay (Doc. No. 13), Plaintiff mistakenly wrote that her initial schedule of assets and property was filed on October 28, 2020 at Doc. No. 16. That is incorrect and the Court is directed to the proper of Plaintiff's initial scheduled asserts and property here (Doc. No. 1 at Bankruptcy Proceeding).

Defendant. Plaintiff relied on Attorney Hanna's expertise in bankruptcy law and did not direct Attorney Hanna on how Plaintiff's claims against Defendant would be described in her schedule of assets and property in the Bankruptcy Proceedings. <u>See</u> Doc. Nos. 1 and 17 at Bankruptcy Proceedings. On November 13, 2020, Plaintiff filed an amended schedule of assets and property in the Bankruptcy Proceedings. <u>See</u> Doc. No. 17 at Bankruptcy Proceedings. In that amended schedule filing, Attorney Hanna revised the value of Plaintiff's wrongful termination claim to $50,000. <u>See</u> page 7 of Doc. No. 17 at Bankruptcy Proceedings. The revised value of Plaintiff's wrongful termination claim reflected the approximate amount of economic damages that Plaintiff had sustained at the time of the amended schedule filing[2]. <u>Id.</u> Attorney Hanna claimed an exemption for the wrongful termination claim pursuant to Md. Code Ann., Crim. Proc. § 11-816. <u>Id.</u> In claiming the exemption, Plaintiff again relied on Attorney Hanna's expertise in bankruptcy law even though she had never filed or indicated an intention to file a claim with Maryland's Criminal Injuries Compensation Board. Plaintiff did not direct, guide, or otherwise have input on the claimed exemption that Attorney Hanna wrote on the amended schedule filing. <u>Id.</u> On December 29, 2020, Plaintiff was granted a discharge pursuant to 11 U.S.C. § 727, and the Bankruptcy Proceedings were closed. <u>See</u> Doc. Nos. 18 and 19 at Bankruptcy Proceedings.

**B.      STANDARD OF REVIEW**

      **1.      Federal Rule of Civil Procedure 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. <u>See</u> <u>Davis v. Thompson</u>, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the

---

[2] Plaintiff was earning approximately $38,000 per year, and at the time of the filing of her amended schedule in bankruptcy court, she had suffered approximately $50,000 in economic damages.

complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). Where the challenge is factual, the district court may look beyond the pleadings and "decide disputed issues of fact with respect to subject matter jurisdiction." Kerns, 585 F.3d at 192. A court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999).

        **2.**      **Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss, a complaint need only contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). The Twombly standard requires only that the plaintiff set forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]." Twombly, 550 U.S. at 556. The defendant bears the burden of showing that no such claim has been presented. Warth v. Seldin, 422 U.S. 490, 501 (1975).

C.     **ARGUMENT**

    1.     **Defendant's Requests for Dismissal Based Due to
Plaintiff's Bankruptcy Proceedings are Dependent
<u>Upon Misstatements and Misrepresentations of the Law</u>**

Defendant's Motion is just another attempt by Defendant to avoid responding to the substantive merits of the Complaint. In seeking dismissal of the Complaint with prejudice due to Plaintiff's filings in bankruptcy court, Defendant is asking this Court to accept its misstatements of the law and misrepresentations of the factual background of the case. As shown by controlling law, and even the authority Defendant relies upon in his Motion, dismissal of this case at the pleading stage is improper and not supported by any relevant authority. As a result, Defendant's Motion should be denied.

    a.     **Plaintiff properly disclosed this dispute with Defendant
in her Bankruptcy Proceedings filings and has standing
<u>to bring this lawsuit because the trustee abandoned these claims</u>**

While a bankruptcy estate is generally comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," federal law clearly states that a plaintiff regains standing to bring pre-petition claims if those claims are abandoned or exempt from the estate. <u>See</u> 11 U.S.C. § 541(a)(1); <u>Best v. Federal National Mortgage Association</u>, 2017 WL 6550671, *2 (D. Md. 2017) <u>citing</u> <u>National American Ins. Co. v. Ruppert Landscaping Co.</u>, 187 F.3d 439, 441 (4th Cir. 1999). Pre-petition claims are abandoned if they are listed on debtor's schedule of property and have not been administered when the bankruptcy case closes. <u>See</u> 11 U.S.C. § 554(c); <u>see also</u> <u>Best</u>, 2017 WL 6550671, *2 <u>citing</u> <u>Ahteshamuddin v. Residential Credit Solutions</u>, 2011 WL 4345060 (D. Md. 2011).

The Bankruptcy Code instructs debtors to disclose all assets, including potential legal claims, but it offers no guidance as to the specificity with which those assets must be described. See 11 U.S.C. § 521(a)(1)(B)(i); Nicholas v. Green Tree Servicing, 173 F. Supp. 3d 250, 255 (D. Md. 2016) (citations omitted). "While a 'debtor has a duty to prepare schedules carefully, completely, and accurately,' generally, an asset is adequately scheduled if its description exhibits 'reasonable particularization under the circumstances.'" Nicholas, 173 F. Supp. 3d at 255 quoting In re Mohring, 142 B.R. 389, 394–95 (Bankr. E.D. Cal.1992). A trustee has a duty to investigate the financial affairs of the debtor. 11 U.S.C. § 704(a)(4). Consequently, a debtor only has to "do enough itemizing to enable the trustee to determine whether to investigate further." Nicholas, 173 F. Supp. 3d at 255 quoting Donarumo v. Furlong (In re Furlong), 660 F.3d 81, 87 (1st Cir. 2011) (quoting Payne v. Wood, 775 F.2d 202, 207 (7th Cir. 1985). Courts applying this standard[3] have found that debtors' schedules need not identify every potential cause of action, every possible defendant, or even any defendant at all, so long as a partially scheduled claim contains enough information that a reasonable investigation by the trustee would reveal the claim ultimately asserted. Nicholas, 173 F. Supp. 3d at 255-256.

---

[3] Courts applying the standard cited in Nicholas which states that a "debtor only has to "do enough itemizing to enable the trustee to determine whether to investigate further" include courts in the **First Circuit** (In re Furlong, 660 F.3d at 87) (holding that a scheduled claim for breach of contract put the trustee on inquiry notice for claims that "might arise out of the same underlying facts"), **Second Circuit** (Lee v. Forster & Garbus LLP, 926 F. Supp. 2d 482, 489-490 (E.D.N.Y. 2013) (holding that a debtor could proceed with its suit against an entity which should have been listed in his schedule of asserts and property because a "minimal investigation by the trustee would have revealed" the existence of that entity), **Fourth Circuit** (Best, 2017 WL 6550671, *2 (noting that proper course of action was taken when trustee reviewed and investigate claims to determine the necessary steps to administer the property), **Sixth Circuit** (Bonner v. Sicherman (In re Bonner), 330 B.R. 880, 2005 WL 2136204, at *4–5 (6th Cir. 2005) (holding that a schedule which listed an "Auto Accident Claim" but did not identify any potential defendant was sufficiently specific to alert the trustee to a potential personal injury claim arising from an automobile collision), **Ninth Circuit** (Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001) (concluding that assets listed on scheduled "was not so defective that it would forestall a proper investigation of the asset") **Eleventh Circuit** (Kuehn v. Cadle Co., 2007 WL 809656, at *5 (M.D. Fla. 2007) (permitting debtor to proceed against defendant because the schedule gave the trustee sufficient notice of the lawsuit to allow it to investigate further and discover the true defendant)

Plaintiff's bankruptcy counsel sufficiently scheduled this dispute against Defendant in bankruptcy court as a claim for "unlawful termination." See Doc. Nos. 1 and 17 at Bankruptcy Proceedings. While Plaintiff's allegations against Defendant in this Court were described in horrific detail (Doc. No. 1), Plaintiff had no obligation to provide such detail in her schedules in bankruptcy court. See Nicholas, 173 F. Supp. 3d at 255. During the Bankruptcy Proceedings, Plaintiff's claims were still being investigated by the EEOC. As such, describing her claim against Defendant as one for "wrongful termination" was sufficient and with reasonable particularization under the circumstances. In the least, Plaintiff provided enough description for the trustee to conduct additional investigation[4] to determine the bases for Plaintiff's unlawful termination claim. Such investigation, if it had occurred, would have revealed that Plaintiff had filed an EEOC Charge which detailed years of harassment, abuse, and trauma by Defendant. See Doc. No. 8-2. In addition, if a reasonable investigation by the trustee had occurred, it would have also revealed that the EEOC investigation was ongoing at the time Plaintiff was granted a discharge of her Bankruptcy Proceedings.

None of the authority Defendant cites in his Motion are analogous to the situation here. In fact, Defendant relies on a series of cases in which the debtor-plaintiff deliberately omitted the existence of any legal claim in their bankruptcy schedules in an attempt to hide money from their creditors. Still, even in those extreme situations, many of the courts cited by Defendant in its Motion refused to dismiss the lawsuit with prejudice. See e.g., Nicholas, 173 F. Supp. 3d at 258. Here, Plaintiff sufficiently noted her dispute with Defendant in her bankruptcy court schedule as one for wrongful termination. See Doc. Nos. 1 and 17 at Bankruptcy Proceedings. In addition,

---

[4] Plaintiff has been unable to discuss with the Bankruptcy Proceedings Trustee the nature and extent of his investigation into Plaintiff's schedule and claimed exemption. The reasons for this are explained in further detail in Plaintiff's Motion for Stay (Doc. No. 13). As a result, Plaintiff is unable to represent what investigation the trustee did during the Bankruptcy Proceedings.

Plaintiff accurately described the economic value of her claims against Defendant in her

amended schedule. <u>See</u> Doc. No. 17 at Bankruptcy Proceedings. Accordingly, Plaintiff has

demonstrated that she sufficiently scheduled this claim during her Bankruptcy Proceedings and

that the trustee abandoned these claims when the Bankruptcy Proceedings was discharged. <u>See</u>

Doc. Nos. 1, 17-19 at Bankruptcy Proceedings. As a result, Defendant's Motion should be

denied.

> **b.      Even if Plaintiff did not sufficiently schedule this dispute
> in the Bankruptcy Proceedings, judicial estoppel would
> still not apply and Defendant's request to
> <u>dismiss the Complaint with prejudice should be denied</u>**

Judicial estoppel is a doctrine that must be applied with caution, and only occurs if all

four of the following factors are proven: (1) the party to be estopped must be advancing an

assertion that is inconsistent with a position taken during previous litigation; (2) the position

must be one of fact, rather than law or legal theory; (3) the prior position must have been

accepted by the court in the first proceeding; and (4) the party to be estopped must have acted

intentionally, not inadvertently. <u>John S. Clark Co. v. Faggert & Frieden, P.C.</u>, 65 F.3d 26, 28-29

(4th Cir. 1995). The "determinative factor" in the application of judicial estoppel is whether the

party who is alleged to be estopped "intentionally misled the court to gain unfair advantage."

<u>Faggert & Frieden</u>, 65 F.3d at 29 <u>quoting</u> <u>Tenneco Chemicals v. William Burnett & Co.</u>, 691

F.2d 658, 665 (4th Cir. 1982).

Judicial estoppel "will not be applied where the party's inconsistent positions resulted

from inadvertence or mistake." <u>Calafiore v. Werner Enters., Inc.</u>, 418 F. Supp. 2d 795, 797

(D.Md. 2006) <u>citing</u> <u>King v. Herbert J. Thomas Memorial Hosp.</u>, 159 F.3d 192, 196–97 (4th Cir.

1998). In the absence of direct evidence, "a debtor's failure to satisfy its statutory duty to disclose

is 'inadvertent' only when, in general, the debtor lacks knowledge of the undisclosed claims or has no motive for its concealment." <u>Calafiore</u>, 418 F. Supp. 2d at 798 (citations omitted).

As noted above, Plaintiff sufficiently scheduled the claims in this dispute in the Bankruptcy Proceedings. However, even if the Court disagreed with that assessment, there still would not be a basis to dismiss the Complaint with prejudice as any error could be attributed to inadvertence or mistake. In this situation, Plaintiff had no motive to conceal her claims as any non-economic damages she could potentially receive from this dispute would be exempt.

Maryland law specifically exempts from a creditor's reach "money payable on the event of sickness, accident, injury or death of any person, including compensation for loss of future earnings...." Md. Cts. & Jud. Proc. § 11–504(b)(2); <u>see</u> 11 U.S.C. § 522(d)(11)(D) and (E) (the U.S. Bankruptcy Code provides for a schedule of exemptions of debtor's assets from the claims of bankruptcy creditors, and as a result, non-economic damages can be brought solely in a plaintiff-debtor's name in court). As such, any of Plaintiff's damages for pain and suffering and loss of future earnings are exempt under Maryland law. <u>Id</u>. Plaintiff, as noted above, sufficiently detailed her economic losses as part of the amended schedules she filed in the Bankruptcy Proceedings. <u>See</u> page 7 of Doc. No. 17 at Bankruptcy Proceedings. Even if the Court determined that a description of "wrongful termination" was inadequate, Defendant's Motion must still be denied as there is no evidence to support Defendant's assertion that Plaintiff attempted to intentionally conceal this dispute as she had no motive to conceal the claims which comprise this dispute as they would all be exempt from the bankruptcy estate. Moreover, dismissing Plaintiff's claims with prejudice would deprive the creditors in Plaintiff's Bankruptcy Proceedings from being paid. <u>See</u> <u>Calafiore</u>, 418 F. Supp. 2d at 801 (citing prior U.S. Supreme Court rulings which have reasoned that barring a former bankrupt from pursuing a valid claim

that he failed to schedule would unfairly result in a windfall for the defendant, while preventing the creditors from receiving money to which they would have been entitled had the claim been listed); <u>see also</u> Fed. R.C.P. 17(a)(3) ("court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action")  As such, Defendant's Motion to dismiss the Complaint with prejudice under the doctrine of judicial estoppel must be denied.

### 2. Plaintiff Should Be Provided an Opportunity to <u>Amend the Complaint to address the Issue of Sovereign Immunity</u>

Defendant's Motion to Dismiss the Complaint on the grounds of sovereign immunity must be denied and Plaintiff should be given an opportunity to amend the Complaint. Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); <u>Francisco v. Doherty, Sheridan & Grimaldi, L.L.P.</u>, 1999 WL 231790, *1 (4th Cir. 1999). In this situation, Plaintiff erred when naming the Maryland Judiciary as a party to her Complaint. The correct entity, which was noted in Plaintiff's EEOC Charge, should be the Circuit Court for Garrett County Maryland. <u>See</u> Doc. No. 8-2. Amending the Complaint to remove reference to the Maryland Judiciary, and adding in the Circuit Court for Garrett County, would allow Plaintiff to continue pursuing relief from the correct entities while resolving any sovereign immunity-related issues.

### D. <u>Conclusion</u>

For all the foregoing reasons, Motion should be denied in its entirety and Plaintiff should be given leave to amend the Complaint. In the alternative, Plaintiff requests that its Motion for a Stay of the Proceedings (Doc. No. 13) be granted and Plaintiff be provided an opportunity to resolve the Bankruptcy Proceeding issues in Bankruptcy Court. If the Motion for a Stay of the

Proceedings is granted, Plaintiff requests that she also be given leave to amend the Complaint after those Bankruptcy Proceedings have concluded.

Respectfully submitted,

/s/ Sammy Y. Sugiura
Sammy Y. Sugiura
Bar No. 21828
ssugiura@cohengrace.com
Mark A. Grace
Bar No. 21814
mgrace@cohengrace.com
COHEN & GRACE, LLC
105 BRAUNLICH DRIVE
SUITE 300
PITTSBURGH, PA 15237
TELEPHONE: (412) 847-0300
FACSIMILE: (412) 847-0304

**COUNSEL FOR PLAINTIFF**