IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| LORIANN LUDWIG,<br><br>Plaintiff,<br><br>v.<br><br>RAYMOND G. STRUBIN, individually and in his official capacity as a member of the Maryland Judiciary and Judge for the Fourth Judicial Circuit of Maryland,<br><br>Defendant. | CIVIL ACTION NO. 1:21-cv-01274-SAG |

**MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff, Loriann Ludwig, files this Motion for Voluntary Dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and in support states the following:

1. This action was initiated on May 24, 2021, when Plaintiff filed a Complaint against Raymond G. Strubin, individually and in his official capacity as member of the Maryland Judiciary and Judge for the Fourth Judicial Circuit of Maryland (Doc. No. 1). Plaintiff's claims include federal and state law claims.

2. Since Plaintiff filed her Complaint, this action has not advanced past the pleading stage for a variety of reasons.

3. In May 2021, Plaintiff filed executed Waivers of the Service of Summons with the Court and Defendant was given until July 26, 2021, to file a response to the Complaint (Doc. Nos. 3 and 4).

4. On July 23, 2021, Defendant filed a Motion for Extension of Time to file a response to the Complaint (Doc. No. 5). The Court granted this Motion (Doc. No. 10), and Defendant was permitted to file a response to the Complaint on or before September 9, 2021.

5. On September 9, 2021, Defendant filed a Motion to Dismiss the Complaint with prejudice pursuant to Rule 12(b)(1) and 12(b)(6). In his Motion, Defendant sought dismissal of the Complaint with prejudice, arguing that (1) Plaintiff failed to adequately disclose her claims and exemptions on the Official Forms 106A/B and 106C that she filed as part of her Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Maryland (Bk. Doc. 20-18296 herein referred to as "Bankruptcy Case") and (2) the doctrine of sovereign immunity barred Plaintiff from proceeding on her federal law claims against Defendant in his official capacity.

6. Defendant's Motion to Dismiss also sought dismissal of the Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure (Doc. No. 8). This request for relief, however, was an alternative request for relief that was based solely on the submission of 5 exhibits supporting Defendant's Motion to Dismiss (Doc. Nos. 8-2 through 8-6). The 5 exhibits that Defendant submitted as part of his Motion to Dismiss were limited to the bankruptcy issue noted above (Doc. Nos. 8-2 through 8-6).

7. After Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. No. 14), and Defendant filed a Reply supporting his Motion to Dismiss (Doc. No. 15), this Court issued a stay of these proceedings so that the Bankruptcy Court could resolve the bankruptcy issues raised by Defendant in his Motion to Dismiss.

8. As noted in Plaintiff's Motion to Lift the Stay of the Proceedings (Doc. No. 21), on February 16, 2022, the Chapter 7 Trustee of Plaintiff's Bankruptcy Case issued a Report of

No Distribution, which determined that Plaintiff had adequately disclosed her claims and exemptions with the Bankruptcy Court and, therefore, her claims against Defendant are abandoned with the filing of the Report of No Distribution (Doc. No. 26 of the Bankruptcy Case). See Wissman v. Pittsburgh Nat. Bank, 942 F.2d 867, 873 (4th Cir. 1991) (noting that "[i]f the trustee does nothing to administer the scheduled property before the case closes, i.e., does nothing to pursue the action, it will then be deemed abandoned by operation of law") (citing 11 U.S.C.§ 554(c)).

9. The Bankruptcy Court subsequently issued a Final Decree and Order (Doc. No. 27) which declared that Plaintiff's Bankruptcy Estate had been fully administered and ordered the closure of the Bankruptcy Case.  Accordingly, Plaintiff has standing to pursue her claims against Defendant.

10. Since the Bankruptcy Court has conclusively resolved the bankruptcy-related issues raised by Defendant in his Motion to Dismiss in Plaintiff's favor, the only remaining issue in Defendant's motion to dismiss is whether sovereign immunity bars Plaintiff from proceeding on her federal law claims.

11. Plaintiff intends to abandon her federal law claims (thereby resolving the only remaining issue in Defendant's motion to dismiss) and only pursue state law claims against the Defendant.  Accordingly, Plaintiff sought the consent from Defendant's counsel to file a Stipulation of Dismissal under Rule 41(a)(1)(A)(ii), but Defendant's counsel refused, thus requiring Plaintiff to file this motion pursuant to Rule 41(a)(2).

12. Plaintiff files this Motion for Voluntary Dismissal without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure because she intends to abandon her federal law claims and only pursue state law claims against the Defendant.  Accordingly, there would no

longer be any Federal Court subject matter jurisdiction over her remaining claims against the Defendant, and dismissal without prejudice would be proper under the circumstances.

13. The "purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Stretchline Intellectual Properties Ltd. v. H&M Hennes & Mauritz LP, 2015 WL 789185, *2 (E.D. Va. 2015) citing Bridge Oil, Ltd. v. Green Pacific A/S, 321 F. App'x 244, 245 (4th Cir. 2008) (*per curiam*) quoting Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

14. In fact, a "plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent **substantial prejudice** to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) (citation omitted) (emphasis added).

15. The Fourth Circuit has determined that the following will not qualify as substantial prejudice which would warrant denial of a Rule 41(a)(2) motion:

   a. The prospect of a subsequent lawsuit. See Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384, 388–89 (4th Cir. 2001)

   b. The mere filing of a motion for summary judgment. See Andes, 788 F.2d 1033 n. 4 (4th Cir. 1986)

   c. The possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation. See Davis, 819 F.2d at 1275

16. In addition, the Fourth Circuit has outlined some factors a court should consider when reviewing a Rule 41(a)(2) motion, including (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant: (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation. Stretchline, 2015 WL 789185, *2 citing Hobbs v. Kroger Co., 175 F.3d 1014, 1014 (4th Cir. 1999). The Court does not need to resolve each factor in favor of the moving party for dismissal without prejudice to be appropriate. Id.

17. In this matter, Defendant would not suffer any prejudice if the Court grants Plaintiff's Motion for Voluntary Dismissal without prejudice as the parties have not conducted any discovery, Defendant has not expended any effort and has incurred no expense in preparing for trial, there has been no delay or lack of diligence on the part of Plaintiff, Plaintiff has sufficiently explained the need for dismissal of this action without prejudice, and Plaintiff's voluntary dismissal of this matter will resolve the only outstanding issue remaining in Defendant's Motion to Dismiss.

Accordingly, Plaintiff Loriann Ludwig, respectfully requests that the Court grant this Motion and dismiss Plaintiff's Complaint without prejudice so that she may pursue her state law claims in a Maryland Court.

Respectfully submitted,

/s/ Sammy Y. Sugiura
Sammy Y. Sugiura
Bar No. 21828
ssugiura@cohengrace.com
Mark A. Grace
Bar No. 21814
mgrace@cohengrace.com
COHEN & GRACE, LLC
105 BRAUNLICH DRIVE
SUITE 300
PITTSBURGH, PA 15237
TELEPHONE: (412) 847-0300
FACSIMILE: (412) 847-0304

**COUNSEL FOR PLAINTIFF**