IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| LORIANN LUDWIG, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. 1:21-cv-01274-SAG |
| RAYMOND G. STRUBIN, individually, and in his official capacity | * | |
| | * | |
| *Defendant.* | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO RULE 41(a)(2) OF THE FEDERAL RULES OF <u>CIVIL PROCEDURE</u>**

Eight months since Defendant's motion to dismiss was filed (ECF No. 8) and Ms. Ludwig has still not resolved the deficiencies in her complaint and asserts without any supporting documentation that she resolved the procedural conundrum created by her spurious bankruptcy proceedings/filings.  Now, one year after filing her complaint, Ms. Ludwig recognizes that it should have never been brought in this Court in the first instance.  Regardless, the fact remains:  certainly, the only appropriate remedy as to the only two federal claims—Counts IV and V—is dismissal with prejudice.  Even Ms. Ludwig previously agreed with this.  And, while Ms. Ludwig claims that she corrected her deficient bankruptcy filings (allegedly over two-months prior to her instant filing), she fails to provide any documentation in support.  Defendant and this Court are left to guess (to some extent) at the alleged support for her claim.  Therefore, for the reasons previously argued, Defendant objects to Ms. Ludwig's request for voluntary dismissal of Counts I-III.

# ARGUMENT

I. **WHILE MS. LUDWIG NOW WANTS COUNTS IV AND V TO BE DISMISSED *WITHOUT* PREJUDICE, SHE AGREES THAT THEY SHOULD HAVE NEVER BEEN BROUGHT IN THIS COURT IN THE FIRST INSTANCE, THEREFORE, THEY SHOULD BE DISMISSED *WITH* PREJUDICE.**

Ms. Ludwig previously confirmed her agreement that Counts IV and V—the only federal claims giving rise to jurisdiction in this Court—must be dismissed against Defendant *with* prejudice. (*See* ECF No. 14, Opp. at 10 (recognizing that Counts IV and V were improperly brought against Defendant).)[1] She now wishes for them to be dismissed *without* prejudice. (ECF No. 22, Mot. for Vol. Dis. Without Pr. at 1, 5.) At a minimum, these two federal claims require dismissal with prejudice.

What Ms. Ludwig fails to advise this Court is that on April 26, 2022, she filed an almost identical state court action. Exhibit 1 (the "state complaint"). Notably, this newly filed state complaint is against (1) Defendant, "RAYMOND G. STRUBIN, individually and in his official capacity as a member of the Maryland Judiciary and Judge for the Fourth Judicial Circuit of Maryland," and (2) "THE CIRCUIT COURT FOR GARRETT COUNTY, MARYLAND." Exhibit 1 at 1.

The state complaint essentially duplicates the alleged factual recitations of the instant federal complaint. *Compare* Exhibit 1 at 1-12 *with* (ECF No. 1, Compl. at 1-12). Similarly, the same three intentional torts are alleged in the two complaints (*i.e.*, battery,

---

[1] Defendant incorporates by reference as if fully contained herein his memorandum in support of motion to dismiss or, in the alternative, for summary judgment (ECF No. 8-1 at 1-2, 13-15), and his reply memorandum in support of motion to dismiss or, in the alternative, for summary judgment (ECF No. 15 at 1-2, 3-7).

false imprisonment, and intentional infliction of emotional distress).  Exhibit 1 at 12-15.  Thus, Counts I-III of the state complaint are the same as Counts I-III of the instant federal action.  *Compare* Exhibit 1 at 12-15 *with* (ECF No. 1, Compl. at 12-15).  Likewise, Counts I-III of both the state and federal actions are solely against Defendant in his individual capacity, rather than in his capacity as a judge.  Exhibit 1 at 12-15; (ECF No. 1, Compl. at 12-15).

The only substantive differences between the state and federal complaints is that (1) the state complaint includes as a defendant the Circuit Court for Garrett County, Maryland and (2) the state complaint includes a count against both Defendant (in his official capacity as a judge) and the Circuit Court for Garrett County, Maryland for "Violations of the FEPA."  Exhibit 1 at 15.

Interestingly, paragraph 82 of the state complaint explicitly states that Ms. "Ludwig has abandoned her federal law claims and is solely pursuing Maryland law claims against the Defendants."  Exhibit 1 ¶ 82.  The state complaint is signed by Ms. Ludwig's most recent bankruptcy attorney, Seth W. Diamond, and her counsel in the instant matter ("pending application for admission *pro hac vice*").  Exhibit 1 at 17.

Ms. Ludwig has made clear that she never had a basis for her two federal claims—Counts IV and V—and now seeks to "abandon" them rather than have them dismissed with prejudice.  Given the posture of this matter, Defendant is entitled to dismissal with prejudice of the two non-viable federal claims that even Ms. Ludwig has confirmed were brought improperly.

## II.   DEFENDANT OBJECTS TO THE VOLUNTARY DISMISSAL OF COUNTS I-III.

For the reasons previously argued in Defendant's memorandum in support of motion to dismiss or, in the alternative, for summary judgment (ECF No. 8-1 at 1-13), reply memorandum in support of motion to dismiss or, in the alternative, for summary judgment (ECF No. 15 at 1-3, 7-16), and opposition to motion for stay of proceedings (ECF No. 16), Defendant objects to the voluntary dismissal of Counts I-III.

## CONCLUSION

For the above reasons, Plaintiff's motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2) of the federal rules of civil procedure should be denied.

Respectfully submitted,

BRIAN E. FROSH
Attorney General of Maryland

/s/  Kevin M. Cox
KEVIN M. COX
Assistant Attorney General
Bar No. 29012
200 St. Paul Pl, 20th Floor
Baltimore, Maryland  21202
(410) 576-6576 (telephone)
kcox@oag.state.md.us

Attorneys for Defendant